KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDSEY BEAN, | ) |
| | ) Case No.: 1:14-CV-3008-RMP |
| Plaintiff, | ) |
| | ) COMPLAINT |
| vs. | ) |
| | ) (JURY DEMANDED) |
| ALASKA USA FEDERAL CREDIT UNION, a Alaska corporation, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Lindsey Bean, by and through her attorney Kirk D. Miller of Kirk D. Miller, P.S., alleges the following:

## I. COMPLAINT

This is an action for damages and remedies against Alaska USA Federal Credit Union (hereinafter "AFCU") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

## II. JURISDICTION & VENUE

2.1   Jurisdiction of this Court arises under 28 U.S.C. § 1331. Further, the matter in controversy exceeds $75,000.00, exclusive of costs and

COMPLAINT 1

      interest, and the parties to these proceedings are citizens of different states. *28 U.S.C. § 1332*. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

2.2   Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transacts business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

### III. PARTIES

3.1   Plaintiff, Lindsey Bean, is resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2   Plaintiff Lindsey Bean is a natural person.

3.3   Defendant ALASKA USA FEDERAL CREDIT UNION (hereinafter "AFCU"), is an Alaska corporation, doing business in the state of Washington.

### IV. JURY DEMAND

4.1   Plaintiff requests a trial by jury.

/////

/////

/////

COMPLAINT 2

## V. REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5.1 Plaintiff respectfully requests that this Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Reporting Act.

## VI. FACTS

6.1 In June 2006, Plaintiff opened a secured line of credit with Defendant AFCU.

6.2 On or before December 2006, Plaintiff owed AFCU approximately $400 on the line of credit.

6.3 Plaintiff made no payments to AFCU on the outstanding balance, after December 2006.

6.4 Pursuant to the terms of the Plaintiff's agreement with AFCU, the account became delinquent in January 2006.

6.5 In 2011, Defendant AFCU began reporting the Plaintiff's account as newly charged-off.

6.6 AFCU caused the Plaintiff's credit report to reflect that the derogatory information would continue to be reported until 2019.

COMPLAINT 3

6.7 The derogatory information reported by AFCU on the Plaintiff's credit report should have continued only until January 2014 at the latest.

6.8 Upon learning of the error, Plaintiff lodged disputes with the consumer reporting agencies. Plaintiff disputed an inaccurate account, reported by Defendant to consumer reporting agencies; Equifax Information Services, Inc., f/k/a Equifax Credit Information Services, Inc., Experian Information Solutions, Inc., and Trans Union, LLC.

6.9 Plaintiff's disputes to the credit reporting agencies took place in or about November 2013.

6.10 Defendant attributed to Plaintiff a derogatory account and rating which did not belong to Plaintiff and which should not have been attributed to Plaintiff.

6.11 In response to Plaintiff's disputes, the consumer reporting agencies, Equifax Information Services, Inc., f/k/a Equifax Credit Information Services, Inc., Experian Information Solutions, Inc., and Trans Union, LLC and its affiliate bureau, Gulf Coast Credit Services, each and on each such occasion, pursuant to 15 U.S.C. 1681i(a), forwarded to

COMPLAINT 4

        Defendant AFCU notification of Plaintiff's disputes and requested that Defendant conduct a reinvestigation, per 15 U.S.C. 1681s-2.

6.12  Defendant AFCU was also notified in writing of the dispute by the Plaintiff.

6.13  Defendant AFCU failed and refused to conduct any meaningful investigation of the disputed information and, instead, continued to report false, inaccurate information and attributed same to Plaintiff.

6.14  Defendant reported such information monthly on a regular cycle in accordance with its subscribership with the consumer reporting agencies.

6.15  Defendant failed and refused to review all relevant information provided by and available through the consumer reporting agencies.

6.16  Defendant was required to conduct a reasonable, timely and more thorough reinvestigation of the Plaintiff's dispute and to respond to the consumer reporting agencies with truthful, complete and relevant information.

6.17  Defendant AFCU has continued to inaccurately report the correct charge-off date of the Plaintiff's account to the credit reporting agencies.

COMPLAINT 5

6.18 Defendant AFCU caused the delinquency on Plaintiff's credit report to appear more recent than it truly is.

6.19 Defendant violated the mandates of 15 U.S.C. 1681s-2(b) and Plaintiff has suffered damages as a result of those violations.

6.20 Defendant willfully violated the mandates of section 1681s-2(b).

6.21 Alternatively, Defendant negligently violated the mandates of section 1681s-2(b).

6.22 Defendant likewise violated the mandates of section 1681s-2(a) and such violations form the basis of a negligence per se claim.

6.23 Defendant knew or should have known or consciously avoided knowing that the information Defendant repeatedly reported about Plaintiff was false and inaccurate.

6.24 Despite being informed by the Plaintiff of her dispute, Defendant failed to report such information as disputed to the consumer reporting agencies.

6.25 Said information was negative and damaging to Plaintiff.

6.26 Plaintiff's credit score dropped substantially as a direct result of the Defendant's negative reporting.

6.27 Defendant is a "user" of credit information and "furnisher" of credit information as discussed in the Fair Credit Reporting Act.

COMPLAINT 6

6.28  Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

6.29  Defendant was notified by the Plaintiff of its false reporting, however Defendant continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate and false information about the Plaintiff.

6.30  Defendant also breached its various and multiple agreements and contracts with the consumer reporting agencies and/or their affiliates (collectively "consumer reporting agencies"), to whom it subscribed, by continuously reporting false credit information about Plaintiff.

6.31  The consumer reporting agencies maintain subscriber contracts and relationships with Defendant, under which Defendant is allowed to report credit data and have same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

6.32  Under the subscriber contracts Defendant owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including Plaintiff.

6.33  Defendant owed duties of reasonable care to Plaintiff.

COMPLAINT 7

6.34 Defendant failed to exercise reasonable care and prudence in each reporting and re-reporting, the handling and reinvestigation of data about Plaintiff, and consequently caused damaged Plaintiff.

6.35 Defendant negligently impaired Plaintiff's credit rating and property rights in her credit reputation.

6.36 Alternatively, Defendant has, with willful intent to injure or maliciously, damaged Plaintiff's property rights in her credit reports.

6.37 Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

6.38 Defendant was notified of inaccuracies by Plaintiff; however, the Defendant continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

6.39 Defendant has defamed Plaintiff.

6.40 Defendant has intentionally inflicted emotional distress and mental anguish on Plaintiff.

6.41 Alternatively, Defendant has, with willful intent to injure or maliciously, published such false and inaccurate information and severely damaged the personal and consumer reputation of Plaintiff and caused her to suffer emotional distress and mental anguish.

6.42   Defendant is liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date judgment until paid.

## VII. RELIEF REQUESTED

WHEREFORE PLAINTIFF, LINDSEY BEAN, PRAYS for judgment as follows:

7.1   That there be Judgment in favor of Plaintiff and Defendant for all reasonable damages allowed by law and all reasonable damages sustained by Plaintiff including but not limited to: all actual damages, statutory damages, exemplary and punitive damages, attorney fees, and court costs.

7.2   FURTHER, Plaintiff Prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

COMPLAINT 9

DATED this 27th day of January, 2014.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA # 40025
Attorney for Plaintiff

COMPLAINT 10